UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


BEN H. SCOTT (#94592)

VERSUS                                          CIVIL ACTION

MSGT. GREEN, ET AL                              NUMBER 13-196-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 13, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


BEN H. SCOTT (#94592)

VERSUS                                              CIVIL ACTION

MSGT. GREEN, ET AL                                  NUMBER 13-196-BAJ-SCR


**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Col. Wanda Matthews and MSgt. Green.  Plaintiff alleged that the defendants interfered with his access to the courts in violation of his constitutional rights.  Plaintiff sought monetary damages and injunctive relief.

For the reasons which follow, the plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

**I. Applicable Law and Analysis**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

"(c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

The court must accept as true the plaintiff's allegations and

may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

Plaintiff alleged that the defendants interfered with his access to the courts in violation of his First Amendment rights.

A substantive right of access to the courts has long been recognized. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977). Access to the courts is protected by the First Amendment right to petition for redress of grievances. *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979). That right has also been found in the Fourteenth Amendment guarantees of procedural and substantive due process. *Ryland v. Shapiro*, 708 F.2d 967, 971-75, (5th Cir. 1983).

In its most obvious and formal manifestation, the right protects one's physical access to the courts. Thus, for example, prison officials cannot refuse to transmit, or otherwise block, through procedural devices, the transmission of legal documents which prisoners wish to send to the courts. Nor can they take other actions--such as taking or destroying legal papers--that have a similar effect. *Crowder v. Sinyard*, 884 F.2d 804 (5th Cir. 1989), *cert. denied*, 496 U.S. 924, 110 S.Ct. 2617 (1990). Some showing of detriment caused by the challenged conduct must be made

in order to succeed on a claim alleging a deprivation of the right to meaningful access to the courts. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987).

Plaintiff filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Louisiana. *Ben H. Scott v. Venetia T. Michael, et al*, CV 08-1262-HGB.[1] On March 31, 2011, judgment was entered denying the petition with prejudice.[2] The United States Court of Appeals for the Fifth Circuit granted a certificate of appealability limited to whether the state trial court erred when it failed to suppress the out-of-court identification of the petitioner as the product of an overly suggestive "show up" procedure.[3] The Fifth Circuit Court of Appeals subsequently affirmed the judgment of the district court on September 19, 2012.[4]

Plaintiff alleged that on October 16, 2012, he received legal mail from his attorney informing him that the United States Court of Appeals for the Fifth Circuit affirmed the decision of the district court. Plaintiff alleged that he sent his attorney a

---

[1] A court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983). The court hereby takes judicial notice of the proceedings in *Ben H. Scott v. Venetia T. Michael, et al*, CV 08-1262-HGB (E.D. La.).

[2] CV 08-1262-HGB, record document number 38.

[3] *Id*. at record document number 44.

[4] *Id*. at record document number 48.

3

letter asking the attorney to send him all of the documents he needed to prepare and file an application for a writ of certiorari in the United States Supreme Court.

Plaintiff alleged that on October 29, 2012, after receiving no response to his letter, he wrote his attorney another letter inquiring about the status of his earlier request. Plaintiff alleged that he did not receive a response to his October 29 letter. Plaintiff alleged that on November 5, 2012, he sent his attorney a third letter more specifically identifying the documents he needed.

Plaintiff alleged that on October 17, 2012, one day after he received the letter from his attorney informing him of the decision by the Fifth Circuit Court of Appeals, he sent a letter to the prison mail room to obtain a copy of a list of the legal mail received from his attorney. Two weeks later, he asked MSgt. Green if she had received his letter requesting the list of legal mail. Plaintiff alleged that MSgt. Green told him the mail room was understaffed and that she would respond to his request when she got an opportunity to do so.

Plaintiff alleged that on November 12, 2012, he wrote another letter to MSgt. Green informing her about his correspondence to his attorney and his need to obtain the documents before the filing deadline. Plaintiff alleged that MSgt. Green did not respond to his second letter.

Plaintiff alleged that on November 17 or 18, 2012, he spoke to MSgt. Green while she was distributing legal mail in the prison dining room. Plaintiff alleged that he asked MSgt. Green whether the legal documents from his attorney had arrived and he explained that he was facing a filing deadline. Plaintiff alleged that MSgt. Green became combative and instructed him to leave.

Plaintiff alleged that on November 18, 2012, he wrote Lt. Col. Matthews informing her of his efforts to obtain information from MSgt. Green. Plaintiff alleged that Lt. Col. Matthews responded to his letter advising him that MSgt. Green said she would help him when she got an opportunity to do so.

Plaintiff alleged that on November 20, 2012, Warden Prince granted his request to make a legal call to his attorney. Plaintiff alleged that his attorney said he mailed the documents on November 4, 2012. Plaintiff alleged that his attorney arranged to speak with mail room personnel. Plaintiff alleged it was at that time he was informed that the documents had arrived at the prison mail room but were returned to his attorney because the address did not include the plaintiff's DOC prisoner number.

Plaintiff alleged that on November 21 he received a written response to his October 17 letter advising that a box was received on November 16 but in accordance with mail room policy it was returned to the sender because the address label did not include the plaintiff's DOC prisoner number. Plaintiff alleged that he was

5

informed that the box was returned on November 19.

Plaintiff alleged that on November 27, 2012, he finally received the legal documents from his attorney.  Plaintiff alleged that the deadline to file writs of certiorari in the United States Supreme Court was December 18, 2012, and he did not have sufficient time to prepare an application for writs.

Plaintiff failed to allege that he suffered any detriment as a result of the defendants actions or inactions.  First, the plaintiff alleged that the documents arrived at the prison mail room on November 16, a month after he sent a letter to his attorney asking him to mail the documents to him.  The failure by MSgt. Green to respond to the plaintiff's October 17 and November 12 correspondence could not have interfered with the plaintiff's access to the courts.  Even if MSgt. Green had immediately prepared a response to the plaintiff's letters, the response would have established nothing more than that the documents had not yet arrived at the prison mail room.

Second, the plaintiff alleged that when the documents arrived at the prison mail room on November 16, the package was promptly returned (on November 19) because it was not properly addressed. Returning the package was in accordance with well-established mail room policy and was done promptly.

Finally, the plaintiff alleged that he received the documents on November 27, which was nearly three weeks before the Supreme

Court filing deadline.

Accepting this chronology of events and the plaintiff's factual allegations as true, they do not state a First Amendment access to the court claim against defendants Lt. Col. Wanda Matthews or MSgt. Green upon which relief can be granted.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), unless within such time as the court may allow the plaintiff files an amended complaint which alleges sufficient facts to state a First Amendment access to the court claim, against defendants Lt. Col. Wanda Matthews and MSgt. Green, upon which relief can be granted.

Baton Rouge, Louisiana, November 13, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE