# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

BEN H. SCOTT (#94592)　　　　　　　　　　　　CIVIL ACTION

VERSUS

MSGT. GREEN, ET AL.　　　　　　　　　　　　NO.: 13-00196-BAJ-SCR

## RULING AND ORDER

On November 13, 2013, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Ben Scott's action be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 12.)

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 12, at 1.) A review of the record indicates that Plaintiff filed an untimely memorandum in opposition to the Magistrate Judge's Report and Recommendation on December 3, 2013.[1] (Doc. 13.)

---

[1] Service of the Magistrate Judge's Report occurred on November 13, 2013. See Fed.R.Civ.P. 5(b)(2)(C). Fourteen days from the date of service, excluding the date of service, was November 27, 2013. Fed.R.Civ.P. 6(a)(1). Federal Rule of Civil Procedure ("Rule") 6(d) requires that the Court give parties an additional three days when service is made under Rule 5(b)(2)(C). Thus, Plaintiff's deadline to file written objections to the Magistrate Judge's Report was November 30, 2013. Because November 30 was

Having carefully considered the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation.[2]

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 12)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the above captioned matter is **DISMISSED**, without leave to amend, because there is no conceivable, non-

---

not a business day, however, December 2 became the first available deadline. Plaintiff's memorandum was filed on December 3, 2013, which is untimely. Nevertheless, in the Court's discretion and due to Plaintiff's status as a pro se litigant, the Court will consider the memorandum.

[2] Plaintiff's objection primarily focuses on the Magistrate Judge's failure to adequately consider that his First Amendment rights were violated by Msgt. Green, who deliberately engaged in conduct that caused the delivery of Plaintiff's documents to be delayed. Because of her alleged behavior, Plaintiff asserts that he received his legal documents late and did not have time to properly prepare a writ to the United States Supreme Court. (Doc. 13.) Plaintiff also asserts that Msgt. Green's failure to timely respond to his written requests concerning the location of his documents, as well as other behaviors not consistent with proper mail room procedures, are indicative of grievances capable of adjudication under § 1983.(*Id.*)

The Court adopts the findings of the Report and Recommendation. Plaintiff has not provided evidence to show how Msgt. Green's actions violated his constitutional rights, nor has he shown how her adequacy of specific conduct prevented him from timely receiving the documents his attorney sent. The Court takes no position on the mail room procedures of the correctional facility. Nonetheless, nothing about Msgt. Green's actions seem to contradict standard policy. Msgt. Green timely notified Plaintiff that his documents were received, but because of noncompliance with the correctional facility's mailing policy, they were returned. Such acts do not reveal a constitutional violation.

More importantly, Plaintiff has not convinced the Court that Msgt. Green's actions caused him to miss the filing deadline for his writ to the Supreme Court. After a review of the record, Plaintiff still had approximately three weeks from the date his documents were placed in his possession to the due date for the filing of the writ. Plaintiff has not cited to any law that would support a finding that such time was inadequate. Thus, Plaintiff's failure to meet his deadline, under the facts alleged in the complaint, do not raise the brow of suspicion before the Court that his constitutional rights were violated.

2

Case 3:13-cv-00196-BAJ-SCR   Document 15   01/06/14   Page 2 of 3

frivolous federal claim Plaintiff Ben Scott could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, this 6th day of January, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA